IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

_____
                              )
IN RE SOUTHEASTERN MILK        )
ANTITRUST LITIGATION           )    Master File No. 2:08-MD-1000
_____ )
                              )     Judge J. Ronnie Greer
THIS DOCUMENT RELATES TO       )    Magistrate Judge Dennis H. Inman
ALL CONSOLIDATED CASES:        )
                              )
*ALL CASES*                    )
                              )
_____ )

ALL PLAINTIFFS' MOTION FOR MORE TIME TO DEPOSE
MARYLAND & VIRGINIA MILK PRODUCERS COOPERATIVE
AND MEMORANDUM IN SUPPORT THEREOF

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Sweetwater Valley Farm, Inc., *et al*. ("Dairy Farmer Plaintiffs") and Plaintiffs Food Lion, LLC, *et al*. ("Retailer Plaintiffs") (collectively "Plaintiffs") respectfully move for an additional three hours to depose Maryland & Virginia Milk Producers Cooperative (Md-Va).

I.   **BACKGROUND**

The Dairy Farmers originally served a subpoena duces tecum on Md-Va on January 11, 2008, in the *Sweetwater* and *Baisley* cases filed in the Middle District of Tennessee. At Md-Va's request, Plaintiffs agreed to stay the document requests and deposition until this Court set a discovery schedule. (*See* January 28 and 29, 2008 correspondence between Mr. Rossier and Ms. Sullivan, attached as Exhibits 1 and 2.) The Court consolidated Dairy Farmer Plaintiffs and coordinated them with Retailer Plaintiffs on April 1, 2008, and issued a schedule to govern discovery. (*See* Docket Entry No. 36.) The Dairy Farmer Plaintiffs' and Retailer Plaintiffs' cases are separate with distinct classes that are "coordinated" not "consolidated." So, while they are related, each set of Plaintiffs have separate and important issues concerning their separate classes.

After several weeks of discussions with Md-Va counsel regarding a draft consolidated subpoena, on February 26, 2009, Plaintiffs served a coordinated subpoena on Md-Va for documents and a deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6). (*See* Subpoena, attached as Exhibit 3.) In an effort to be efficient, Dairy Farmer Plaintiffs and Retailer Plaintiffs jointly discussed their expectations regarding time and believed it would be possible to complete Md-Va's deposition in 7 hours. Defendants knew for almost two months that the Md-Va deposition would occur on April 17, 2009. Yet, none indicated they might want time to question the deponent until two

days before the deposition, when Defendant Southern Marketing Agency, Inc.'s (SMA) counsel emailed Plaintiffs and requested an agreement for 2 hours of questioning. (*See* April 15, 2009 email from Mr. Rollins to Mr. Abrams, attached as Exhibit 4.) Plaintiffs responded that they believed they would need 7 hours, given the role that Md-Va plays in this case including the fact that it is a member of SMA. (*See* April 16, 2009 email from Mr. Commins to Mr. Rollins, attached as Exhibit 5.) Plaintiffs did, however, request that Defendants stipulate to the admissibility of Jay Bryant's, the General Manager and treasurer of Md-VA, depositions from two prior Department of Justice investigations as a time saving measure. (*Id.*) Defendants refused (*see* April 16, 2009 email from Mr. Friedman to Mr. Commins, attached as Exhibit 6), thereby requiring Plaintiffs to cover the same ground in Bryant's April 17, 2009 deposition.

On April 17, 2009, Bryant appeared on behalf of Md-Va. Before the deposition began, Bryant, through counsel, indicated that he planned to make himself available for no more than seven hours, unless he was ordered to provide more time by the Court. The Plaintiffs indicated that they would need that full seven hours of deposition time. The Defendants indicated that they wanted two hours of that time. To resolve the issue, the parties sought guidance from the Court. (*See* Portion of Bryant Tr. that reflects the parties hearing with Judge Inman Tr. 11:1 – 21:15, attached as Exhibit 7.) The Court ruled that the Plaintiffs could have six hours and the Defendants could have two. (*Id.* at 19:1 – 13.) The Court advised that if more time was needed, the appropriate party would have to file a motion after the fact and the Court would deal with it and see if more time was warranted. (*Id.*)

During Bryant's deposition, Plaintiffs used a total of 33 Exhibits from Md-Va's 22,378 produced documents.[1] Of those 22,378 documents, Bryant's name was mentioned in 6,516 documents, Bryant authored 556 documents, and 108 documents came from Bryant's personal folder. Seven attorneys representing the Defendants were present at the deposition.[2] They, along with Md-Va's attorneys, made multiple objections and requests to have questions repeated.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

The parties again tried to work out a deal, which would allow Plaintiffs to ask more questions on this second day, but counsel for Md-Va would not agree. Accordingly, Plaintiffs move to seek more time to depose Md-Va.

## II. MD-VA IS A THIRD PARTY THAT IS INTIMATELY INVOLVED IN THE ISSUES OF THIS CASE AND ITS 30(B)(6) REPRESENTATIVE, JAY BRYANT, IS NAMED AS A CO-CONSPIRATOR

By order, the Court may alter the length of depositions under Rule 30. Fed. R. Civ. P. 26 (b)(2). Plaintiffs are not seeking to extend the time to depose every deponent. In fact, since the taking of depositions commenced on January 28, 2009, this is the first time that Plaintiffs have requested more time for any deponent. However, Md-Va and

---

[1] Two additional Exhibits were used from other productions.
[2] Two of the Seven were present telephonically.
[3] The parties have since proposed to do the two Defendant hours on June 1, 2009.

Bryant, in particular, play an important role in this case, as evidenced at least in part by the fact that ***Defendants***, who are Mr. Bryant's co-conspirators, want to depose him for a not insignificant period of time.

Md-Va is a dairy cooperative that is a member of SMA. (*See* 8/4/08 Consolidated Complaint, ¶ 83, Docket Entry No. 111.)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

and is a named co-conspirator in the Dairy Farmer Plaintiffs' Complaint. (Complaint, Docket Entry No. 111 at ¶¶ 3, 82, 107.)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Based on Md-Va and Bryant's roles in SMA, DCMA, and VFC, the deposition of Md-Va covers a wide range of information about the allegations in Plaintiffs' complaints.[4] Md-Va is also intimately involved with the Defendants to the point where Jay Bryant personally signed an affidavit in connection with SMA and James Baird's Response In Opposition to Plaintiffs' Motion to Limit and Remedy Improper Contacts with Plaintiffs and Punitive Class Members. (*See* Exhibit D, Docket Entry No. 183-5.)

---

[4] Bryant was previously deposed by the Department of Justice which took two full days to depose him. Thus, the length of time that is required for a witness such as Bryant in this case is at least commensurate with what the Department of Justice needed. And, in fact, Plaintiffs will likely take less time than the Department of Justice.

In addition, Md-Va – as both dairy cooperative and bottling plant owner – possesses important information concerning dairy processing operations.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

As a result, Dean successfully kept Md-Va out of the market.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Moreover, Md-Va's participation in SMA, DCMA and VFC and experience as a cooperative have provided it with knowledge of Defendants' conduct regarding raw milk invoicing and the supply of raw milk to specific plants, both of which are important to the Retailer Plaintiffs claims. (*See* Subpoena Topics 4, 6, 9, and 11, attached as Exhibit 3.) These and other issues warrant full development for the benefit of the class, the Court and the jury.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Clearly, Mr. Bryant has a great deal of

information relevant to this lawsuit but would prefer not to reveal it. Thus it appears that Mr. Bryant has no problem spending days and hours speaking with his attorneys but only finds it a burden to answer questions posed by Plaintiffs to assist in the prosecution of these cases.

### III. PLAINTIFFS SHOULD NOT BE DEPRIVED OF A FAIR OPPORTUNITY AS LITIGANTS TO FULLY EXPLORE ISSUES RELATED TO MD-VA

As noted above, the Sweetwater Valley Farm, Inc., *et al*. case and the Food Lion, LLC, *et al*. case have separate classes and are only coordinated, not consolidated for purposes of discovery. Thus, while Plaintiffs have worked closely to coordinate their discovery, including depositions, there are important differences between the cases that need full exploration in order to have due process afforded for each case.

Dairy Farmer Plaintiffs will use additional time to depose Md-Va on its role in joining and being a part of SMA, as well as VFC (*see* Subpoena at Topics 9 and 12, attached as Exhibit 3); changes in utilization in Federal Orders 5 and 7 prior to formation of SMA versus after formation of SMA (*see id.* at Topics 3, 8 and 14); and how Md-Va funds move from processors to producers.[5] (*See id.* at Topic 2.)

Retailer Plaintiffs will use additional time to further explore Md-Va's bottling plant acquisition strategy, and how Md-Va's relationship with Defendants affected its bottling plant strategy. (*See id.* at Topics 6 and 9.) Additionally, Retailer Plaintiffs will depose Md-Va regarding the invoicing of raw milk supplied to bottlers (*see id.* at Topics

---

[5] FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER  Plaintiffs ask that if more time is provided, that Bryant be ordered to educate himself on Md-Va's producer payroll or that Md-Va be ordered to produce a witness who is familiar with it, as required by Topic 2 in the February 26, 2009 subpoena. (*See* Subpoena, attached as Exhibit 3.) Producer payroll is important to the issues in this case because it shows the manner in which Md-Va pays its farmer members.

4 and 9); Defendants' coordinated retaliation against a rival cooperative that expanded into Southeast bottling (*see id.* at Topic 6 and 11); and the impact of the Winn-Dixie bankruptcy on bottling capacity in the Southeast (*see id.* at Topic 6.) These are all matters for which Retailer Plaintiffs have cause to believe that Md-Va possesses unique information.

There is no undue burden to Bryant in allowing Plaintiffs the much needed additional time. The April 17, 2009 deposition ended after six hours. Bryant already has agreed to return on a second day for questioning by the Defendants. Accordingly, there is no harm in allowing Plaintiffs to have more time during this second session. Given the thousands of documents in this case that relate to Md-Va (and Mr. Bryant in particular), Md-Va's role in this case, and Mr. Bryant's willingness to spend three days preparing for his deposition, Plaintiffs respectfully request and additional three hours to complete the deposition of Md-Va.

## IV.     CONCLUSION

For all the reasons set forth herein, Plaintiffs respectfully request that the Court grant their Motion for More Time to Depose Maryland and Virginia Producers Cooperative.

Dated: April 24, 2009

                                                  Respectfully submitted,

| | |
|---|---|
| /s/ Richard Wyatt | /s/ Robert Abrams |
| Richard L. Wyatt, Jr., Esq. | Robert G. Abrams, Esq. |
| Hunton & Williams | Gregory J. Commins, Jr., Esq. |
| 1900 K St., NW | Terry L. Sullivan, Esq. |
| Washington, DC 20006 | HOWREY LLP |
| rwyatt@hunton.com | 1299 Pennsylvania Ave., NW |
| | Washington, DC 20004 |
| *Interim Co-Lead Counsel for Retailer* | abramsr@howrey.com |
| | comminsg@howrey.com |
| | sullivant@howrey.com |
| | |
| | *Interim Lead Counsel for Consolidated Dairy Farmer Plaintiffs* |
| | |
| | Thomas C. Jessee, Esq. |
| | 412 East Unaka Ave. |
| | Johnson City, TN 37601 |
| | jjlaw@jesseeandjessee.com |
| | |
| | *Liaison Counsel for Consolidated Dairy Farmer Plaintiffs* |

## CERTIFICATE OF SERVICE

     I certify that on the 24th day of April, 2009, a true and correct redacted copy of the All Plaintiffs' Motion for More Time to Depose Maryland & Virginia Milk Producers Cooperative and Memorandum in Support Thereof and attached exhibits was served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Tennessee upon all counsel who have consented to receive notice of filings in the matters styled *In re Southeast Milk Antitrust Litigation*, MDL No. 1899. A true and correct unredacted copy of the Motion and attached exhibits was served by Federal Express on the 24th day of April, 2009, on the U.S. District Court for the Eastern District of Tennessee.

I further certify that on the 24th day of April, 2009, a true and correct unredacted copy of the Motion and Exhibits were served by electronic mail upon:

Kenneth Ewing
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036

I further certify that on the 24th day of April, 2009, courtesy unredacted copies of the Motion and unredacted copies of Exhibit 8, were served by electronic mail upon:

| | |
|---|---|
| Kay Lynn Brumbaugh<br>Andrews Kurth LLP<br>Suite 3700, 17171 Main Street<br>Dallas, TX 75201 | John Schmidtlein<br>Williams & Connolly LLP<br>725 12th Street, NW<br>Washington, DC 20005 |
| Kari Rollins<br>Winston & Strawn<br>35 West Wacker Drive<br>Chicago, IL 60601 | Robert Arrington<br>Wilson, Worley, Moore, Gamble & Stout<br>Eastman Credit Union Building<br>2021 Meadowview Lane<br>Kingsport, TN 37661 |
| Paul Friedman<br>Dechert LLP<br>1775I St NW<br>Washington, DC 20006 | Brandon Boulware<br>Rouse Hendricks German May PC<br>One Petticoat Lane Building<br>1010 Walnut Street, Suite 400<br>Kansas City, MO 64106 |
| Daniel Crabtree<br>Stinson Morrison Hecker LLP<br>10975 Benson, Suite 550<br>12 Corporate Woods<br>Overland Park, KS 66210 | |

/s/ Craig Minerva
Craig Minerva
*Admitted only in New York.  Not admitted in Washington, DC.  Practicing under supervision of firm principals.*