# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### GREENEVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | ) ) ) ) | No. 2:08-MD-01000 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge J. Ronnie Greer |
| *Food Lion, LLC, et al. v. Dean Foods Company, et al.*, Case No. 2:07-CV-188. | ) ) ) ) | Magistrate Judge Dennis H. Inman |

## ANSWER BY DEFENDANT DEAN FOODS COMPANY
## TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendant Dean Foods Company ("Dean") answers the allegations set forth in the Plaintiffs' Amended Class Action Complaint (the "Complaint") as follows:

The initial, unnumbered paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that Plaintiffs purport to file this action on behalf of themselves and as a proposed class action, and that Plaintiffs purport to seek treble damages and equitable relief. Dean denies that class action treatment is appropriate, and further denies that Plaintiffs are entitled to any damages or equitable relief. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

1.    Dean denies the allegations in this paragraph to the extent they suggest that raw milk is sold only to milk bottling plants and that processed milk is sold only to grocers

or other retail outlets. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

2. Dean admits only that Food Lion has purchased processed milk from certain of Dean's operating subsidiaries in the Southeast. Dean denies the remainder of the allegations in this paragraph.

3. Dean admits only that, in connection with the 2001 Dean/Suiza merger, a total of eleven milk bottling plants were divested to NDH. Dean denies the remainder of the allegations in this paragraph.

4. To the extent the allegations in this paragraph and its subparts relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph and its subparts, and therefore denies them.

5. To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

6. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that Plaintiffs purport to bring this case on their own behalf and as a proposed class action on behalf of the "class" defined in this paragraph. Dean denies that class action treatment is appropriate.

7. Dean admits only that Plaintiffs purport to seek the various forms of relief described in this paragraph. Dean denies that Plaintiffs are entitled to any relief. To the extent

the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

8.    This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that Plaintiffs purport to bring this action pursuant to the Sherman and Clayton Acts and that Plaintiffs purport to seek the various forms of relief described in this paragraph. Dean denies that it has violated the Sherman or Clayton Acts as alleged in the Complaint and denies that Plaintiffs are entitled to any relief.

9.    This paragraph contains legal conclusions that do not require a response.

10.    This paragraph contains legal conclusions that do not require a response.

11.    This paragraph contains legal conclusions that do not require a response.

12.    This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that certain of its operating subsidiaries purchase and process raw Grade A milk and sell processed milk in the United States. Dean denies the remainder of the allegations in this paragraph insofar as they relate to Dean. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

13.    Dean admits only that Food Lion has purchased processed milk from certain of Dean's operating subsidiaries. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

14.    Dean admits only that Breto has purchased processed milk from one of Dean's operating subsidiaries. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

15.    Dean admits the allegations in this paragraph.

16.    Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

17.    Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

18.    To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

19.    Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

20.    This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that the Complaint purports to define a product market consisting of Grade A milk, other than school milk, which has been pasteurized and processed for human consumption and then packaged into containers which are sold to retail outlets and other customers. Dean denies that this comprises a relevant product market. Dean denies Plaintiffs' characterization of the regulations described in the second sentence of this paragraph to the extent those characterizations are inconsistent with the regulations themselves. Dean also denies the allegations in the third sentence of the paragraph.

- 4 -

Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

21.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits that the Complaint purports to define a "Southeast" market consisting of Federal Milk Marketing Orders 5 and 7. Dean denies that this area comprises a relevant geographic market.

22.     Dean denies the allegations in this paragraph.

23.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

24.     Dean denies Plaintiffs' characterization of the regulations described in this paragraph to the extent those characterizations are inconsistent with the regulations themselves. Dean also denies the allegations in this paragraph to the extent they suggest that government regulations play no role in the pricing of processed milk products. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

25.     Dean admits only that Plaintiffs contend that the Complaint is concerned with Class I milk, and that the Complaint purports not to challenge the minimum prices for raw milk set by any Federal Milk Marketing Order. Otherwise, this paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies Plaintiffs' characterization of the regulations described in this paragraph to the extent they are inconsistent with the regulations themselves.

26.     Dean admits only that cooperatives and independent dairy farmers are free to negotiate for prices in excess of FMMO minimum prices, and that the Complaint purports to define the terms "over-order premiums" and "mailbox price." Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

27.     The first sentence of this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Dean denies Plaintiffs' characterization of the regulations (and minimum prices established thereunder) described in the first sentence of this paragraph to the extent those characterizations are inconsistent with the regulations (and minimum prices established thereunder) themselves. Dean also denies the remainder of the allegations in this paragraph.

28.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

29.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

30.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

31.     Dean admits the allegations in the first two sentences of this paragraph, and also admits that various independent dairy farmers have marketed or sought to market their raw Grade A milk to various Dean operating subsidiaries. Dean is without knowledge or

- 6 -

information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

32.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

33.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

34.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

35.     Dean admits only that certain of its operating subsidiaries process raw milk purchased from cooperatives, independent dairy farmers or other supply plants into pasteurized milk intended for human consumption and use this milk to make a variety of beverage and other products that are sold in a variety of package sizes.  Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

36.     Dean admits only that certain of its operating subsidiaries sell processed milk to various customers, some of which are retailers; that certain of its operating subsidiaries have sold milk to Food Lion; and that one of its operating subsidiaries has sold processed milk to Breto.  Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

37.     Dean admits only that in 1996 legacy Dean's operating subsidiaries included Mayfield Dairy, Inc. in Athens, Tennessee, and Dean Milk Company, Inc. in Louisville, Kentucky.  To the extent the remainder of the allegations in this paragraph relate to Dean, Dean

- 7 -

denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

38.     Dean admits the allegations in this paragraph.

39.     Dean admits the allegations in the first sentence of this paragraph. Dean also admits that, in connection with the Dean/Suiza merger, a total of eleven milk bottling plants were divested to NDH, and that the divested plants were located in the following eight states: Alabama, Florida, Indiana, Kentucky, Ohio, South Carolina, Virginia, and Utah. Dean also admits that, in connection with the Dean/Suiza merger, Dean bought out DFA's 33.8 percent stake in Suiza, and agreed to modify Suiza's pre-merger supply arrangements with DFA. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

40.     Dean admits the allegations in this paragraph.

41.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

42.     The allegations in this paragraph are Plaintiffs' characterizations of documents which are in writing and speak for themselves. Dean denies Plaintiffs' characterizations of those documents to the extent they are inconsistent with the documents themselves.

43.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

44. To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

45. Dean admits that, between January 1, 2002 and the present, certain of Dean's operating subsidiaries have supplied processed milk to certain of Food Lion's distribution centers. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

46. Dean admits that, in connection with the Dean/Suiza merger, a total of eleven milk bottling plants were divested to NDH; and that NDH competes with Dean. Dean denies the remainder of the allegations in this paragraph.

47. Dean admits that, prior to the Dean/Suiza merger, Suiza had raw milk supply agreements with DFA. Those agreements are in writing and speak for themselves. Dean denies Plaintiffs' characterizations of the agreements to the extent they are inconsistent with the agreements themselves. Dean also admits that, in connection with the Dean/Suiza merger, Dean agreed to modify Suiza's pre-merger supply arrangements with DFA. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

48. Dean denies the allegations in this paragraph.

- 9 -

49.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

50.     Dean denies the allegations in this paragraph.

51.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

52.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

53.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

54.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

55.     Dean admits that Gustafson's Dairy competes with certain of Dean's operating subsidiaries for the sale of processed milk to customers inside and outside the area Plaintiffs define as the Southeast. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

56.     Dean admits only that one of its operating subsidiaries previously supplied private label milk products to Food Lion's Harvey's supermarket warehouse. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

57.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

58.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

59.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

60.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

61.     Dean admits that it has closed two plants in the area Plaintiffs define as the Southeast since the 2001 Dean/Suiza merger: Barbe's Dairy in Westwego, Louisiana and Flav-O-Rich in Wilkesboro, NC. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

62.     Dean admits only that it acquired a former Winn-Dixie plant in Florida in 2006. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

- 11 -

63.     Dean admits only that it has had agreements with DFA for DFA to supply raw milk to certain milk bottling plants operated by Dean subsidiaries. These agreements are in writing and speak for themselves. Dean denies Plaintiffs' characterizations of the agreements to the extent they are inconsistent with the agreements themselves. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

64.     The allegations in the first and second sentences of this paragraph are Plaintiffs' characterizations of documents which are in writing and speak for themselves. Dean denies Plaintiffs' characterizations of those documents to the extent they are inconsistent with the documents themselves. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

65.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

66.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

67.     To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

68.     Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

69.     Dean admits only that a lawsuit captioned *Sweetwater Valley Farm Inc., et al. v. Dean Foods Company, et al.* was filed in the United States District Court for the Middle District of Tennessee in 2007. To the extent the remainder of the allegations in this paragraph and its subparts relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph and its subparts, and therefore denies them.

70.     Dean admits only that it has had agreements with DFA for DFA to supply raw milk to certain milk bottling plants operated by Dean subsidiaries. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

71.     Dean admits only that at various times Food Lion has purchased processed milk from certain of Dean's operating subsidiaries, and Breto has purchased processed milk from one of Dean's operating subsidiaries. The last sentence in this paragraph consists of legal conclusions that do not require a response. To the extent the remainder of the allegations in this paragraph relate to Dean, Dean denies them. Dean also denies that Plaintiffs paid unlawfully

inflated prices. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

72.   Dean denies the allegations in this paragraph.

73.   Dean denies the allegations in this paragraph.

74.   Dean denies the allegations in this paragraph.

75.   Dean denies the allegations in this paragraph.

76.   Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to what Plaintiffs believed. Dean denies the remainder of the allegations in this paragraph.

77.   The first sentence of this paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in the first sentence of this paragraph. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

78.   Dean admits that Plaintiffs purport to file this action on behalf of themselves and on behalf of a proposed class. Dean denies that class action treatment is appropriate.

79.   This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

80.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

81.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

82.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

83.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

84.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

85.     Dean incorporates by reference its Answers to paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86.     Dean denies the allegations in this paragraph.

87.     Dean denies the allegations in this paragraph.

88.     Dean denies the allegations in this paragraph.

89.     Dean incorporates by reference its Answers to paragraphs 1 through 88 of the Complaint as if fully set forth herein.

90.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that the Complaint purports to define a product market consisting of raw milk which is sold to milk bottling companies. Dean

denies that this comprises a relevant product market. Dean denies the remainder of the allegations in this paragraph.

91.    This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that the Complaint purports to define a product market consisting of Grade A milk which has been pasteurized and processed for human consumption and then packaged into containers which are sold to retail outlets and other customers. Dean denies that this comprises a relevant product market.

92.    This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in the first sentence of this paragraph. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

93.    To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

94.    To the extent the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

95.    This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph insofar as they relate to Dean. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

- 16 -

96.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

97.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph insofar as they relate to Dean. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

98.     To the the allegations in this paragraph relate to Dean, Dean denies them. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

99.     Dean denies the allegations in this paragraph.

100.    Dean incorporates by reference its Answers to paragraphs 1 through 99 of the Complaint as if fully set forth herein.

101.    This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that the Complaint purports to define a product market consisting of Grade A milk which has been pasteurized and processed for human consumption and then packaged into containers which are sold to retail outlets and other customers. Dean denies that this comprises a relevant product market. Dean denies the allegations in the second sentence of this paragraph. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

- 17 -

102.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that the Complaint purports to define a geographic market consisting of the Southeast United States, which the Complaint defines as Federal Milk Marketing Orders 5 and 7. Dean denies that this area comprises a relevant geographic market. Dean denies the remainder of the allegations in this paragraph.

103.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

104.     Dean denies the allegations in this paragraph.

105.     Dean admits only that it has had raw milk supply agreements with DFA and others. Dean denies the remainder of the allegations in this paragraph.

106.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

107.     Dean denies the allegations in this paragraph.

108.     Dean denies the allegations in this paragraph.

109.     Dean denies the allegations in this paragraph.

110.     Dean incorporates by reference its Answers to paragraphs 1 through 109 of the Complaint as if fully set forth herein.

111.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean denies the allegations in this paragraph.

112.     This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits only that the Complaint purports to define a product market consisting of Grade A milk which has been pasteurized and processed

for human consumption and then packaged into containers which are sold to retail outlets and other customers. Dean denies that this comprises a relevant product market. Dean denies the allegations in the second sentence of this paragraph. Dean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph, and therefore denies them.

113. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Dean admits that the Complaint purports to define a geographic market consisting of the Southeast United States, which the Complaint defines as Federal Milk Marketing Orders 5 and 7. Dean denies that this area comprises a relevant geographic market. Dean denies the remainder of the allegations in this paragraph.

114. Dean denies the allegations in this paragraph.

115. Dean admits only that it has had raw milk supply agreements with DFA and others. Dean denies the remainder of the allegations in this paragraph.

116. Dean denies the allegations in this paragraph.

117. Dean denies the allegations in this paragraph.

118. Dean denies the allegations in this paragraph.

119. Dean denies the allegations in this paragraph.

120. Dean incorporates by reference its Answers to paragraphs 1 through 119 of the Complaint as if fully set forth herein.

121. Dean denies the allegations in this paragraph.

122. Dean denies the allegations in this paragraph.

123. Dean denies the allegations in this paragraph.

124. Dean denies the allegations in this paragraph.

125. Dean denies the allegations in this paragraph.

Dean denies that Plaintiffs are entitled to any of the relief requested in their Request for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Dean asserts the following defenses without assuming any burden of proof that rests upon Plaintiffs as to any issue. Dean also expressly reserves the right to plead additional defenses, including affirmative defenses, as appropriate during the course of discovery or trial.

### FIRST DEFENSE
### Failure to State a Claim

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### Statute of Limitations

Plaintiffs' claims and those of the purported class are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE
### Lack of Standing/Antitrust Standing

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because they lack standing and/or antitrust standing.

### FOURTH DEFENSE
### Lack of Antitrust Injury

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because they have not suffered antitrust injury.

## FIFTH DEFENSE
## Laches

Plaintiffs' claims and those of the purported class are barred, in whole or in part, by the equitable doctrine of laches.

## SIXTH DEFENSE
## Waiver/Estoppel

Plaintiffs' claims and those of the purported class are barred, in whole or in part, by the doctrines of waiver and estoppel.

## SEVENTH DEFENSE
## Unclean Hands/In Pari Delicto

Plaintiffs' claims and those of the purported class are barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*.

## EIGHTH DEFENSE
## No Injury/Damages

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because they have not suffered any injury or damages.

## NINTH DEFENSE
## Failure to Mitigate Damages

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because they failed to mitigate any alleged injury or damages.

## TENTH DEFENSE
## Speculative Damages

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because their alleged damages, if any, are too remote and/or speculative to allow recovery and because determining whether, or to what extent, Plaintiffs were damaged is impossible.

## ELEVENTH DEFENSE
### Due Process

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because they subject Dean to the risk of unfair, excessive, multiple, or inconsistent obligations and deprive Dean of due process of law.

## TWELFTH DEFENSE
### Prohibition of Multiple Recoveries

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because Plaintiffs are prohibited from receiving multiple recoveries or relief for the same alleged injury.

## THIRTEENTH DEFENSE
### Lack of Causation

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because any injuries and/or damages sustained by Plaintiffs were not caused by Dean, and/or because any injuries and/or damages sustained by Plaintiffs were caused by superseding and/or intervening cause(s) and/or the acts of third parties for whom Dean is not responsible.

## FOURTEENTH DEFENSE
### No Unreasonable Restraint

Plaintiffs' claims and those of the purported class are barred, in whole or in part, because Dean did not unreasonably restrain trade or commerce; acted for its own independent, legitimate business reasons; and had no purpose or intent to injure competition.

## FIFTEENTH DEFENSE
### Improper Joinder

Plaintiffs have improperly joined Dean in this suit in violation of Rule 20(a) of the Federal Rules of Civil Procedure.

- 22 -

## SIXTEENTH DEFENSE
## Co-Defendants' Defenses

Dean incorporates any and all defenses asserted by any other Defendant to the extent they are not inconsistent with Dean's defenses.

## JURY TRIAL DEMAND

Dean demands a trial by jury of all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Dean respectfully requests as follows:

(a)     that Plaintiffs' Complaint be dismissed with prejudice;

(b)     that Dean be awarded the costs, expenses, and disbursements which it incurs in defending this action;

(c)     that Dean be awarded the attorneys' fees which it incurs in defending this action; and

(d)     that Dean be awarded such further relief as this Court may deem just and proper.

Dated:  August 10, 2009

Respectfully submitted,

*/s/ Paul H. Friedman*
Paul Denis
Paul H. Friedman
Dechert LLP
1775 I Street, N.W.
Washington, D.C.  20006
Tel:  (202) 261-3300
paul.denis@dechert.com
paul.friedman@dechert.com

Carolyn H. Feeney
David J. Stanoch
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Tel:  (215) 994-4000
carolyn.feeney@dechert.com
david.stanoch@dechert.com

William C. Bovender
Mark S. Dessauer
Hunter, Smith & Davis, LLP
1212 North Eastman Road
Kingsport, TN  37664
Tel:  (423) 378-8840
bovender@hsdlaw.com
dessauer@hsdlaw.com

*Attorneys for Defendant*
*Dean Foods Company*

- 24 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2009, a true and correct copy of the foregoing Answer by Defendant Dean Foods Company to Plaintiffs' Amended Class Action Complaint was served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Tennessee.

*/s/ Paul H. Friedman*
Paul H. Friedman