IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | ) CASE NO. 2:08-MD-01000 <br> ) <br> ) JUDGE GREER <br> ) MAGISTRATE JUDGE INMAN |
| THIS DOCUMENT RELATES TO: <br> *Food Lion, LLC, et al. v. Dean Foods Company, et al.*, Case No. 2:07-CV-188. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DAIRY FARMERS OF AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED COMPLAINT

Defendant Dairy Farmers of America, Inc. ("DFA"), through its undersigned counsel, hereby answers and asserts the following affirmative defenses to Plaintiffs' Amended Class Action Complaint:

### NATURE OF THE CASE

1. DFA admits the allegations in the first sentence of Paragraph 1. DFA admits the allegations of the second, third and fourth sentences of Paragraph 1 to the extent they are intended to be illustrative descriptions of some aspects of the dairy industry, and otherwise denies those allegations. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 1, and on that basis denies them.

2. The first sentence of Paragraph 2 contains Plaintiffs' characterization of their own claims, to which no response is required. To the extent a response is required, DFA denies the allegations in that sentence. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 2, and on that basis denies them. DFA denies the remaining allegations in paragraph 2.

3. With respect to the allegations in Paragraph 3, DFA admits that in December 2001 a merger was consummated between Dean and Suiza with the approval of the Department of Justice, and that NDH acquired certain processing plants that the merging parties divested in connection with their transaction. DFA otherwise denies the allegations of Paragraph 3.

4. DFA denies the allegations in Paragraph 4, including each sub-paragraph.

5. DFA denies the allegations in Paragraph 5.

6. DFA admits that Plaintiffs purport to bring this case as a class action on behalf of the putative classes alleged. DFA denies that this case may be properly maintained as a class action and denies the remaining allegations in Paragraph 6.

7. The allegations in Paragraph 7 contain Plaintiffs' characterization of their own claims, to which no response is required. To the extent a response is required, DFA denies the allegations in Paragraph 7.

## JURISDICTION, VENUE AND INTERSTATE COMMERCE

8. The allegations in the first sentence of Paragraph 8 contain Plaintiffs' characterization of their own claims, to which no response is required. To the extent a response is required, DFA denies the allegations in that sentence. DFA admits that there exists subject matter jurisdiction in this Court.

9. DFA admits that there exists subject matter jurisdiction in this Court, and otherwise denies the allegation in Paragraph 9.

10. The allegation in Paragraph 10 is a legal statement concerning venue to which no response is required.

11. The allegation in Paragraph 11 is a legal statement concerning jurisdiction to which no response is required.

12.     DFA admits that it markets raw Grade A milk in many parts of the United States and receives payments in connection with that activity. DFA further admits that it processes milk in certain states and ships that processed milk in the form of cheese or other products across state lines. DFA further admits that operating subsidiaries of Defendants Dean and NDH have purchased raw milk and processed milk in various different states in the United States. DFA further admits that Defendant DMS and Defendant SMA have engaged in the marketing of raw milk and other business activities in numerous States. DFA denies the remaining allegations in paragraph 18 as they relate to DFA. DFA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 as they relate to other Defendants, and on that basis denies them.

## THE PARTIES

13.     DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies them.

14.     DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15.     DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

16.     DFA admits that it is a non-profit corporation organized under the Kansas Cooperative Marketing Act, admits that it has ownership interests in certain milk processing plants, and denies the remaining allegations in Paragraph 16.

17.     DFA denies the allegations in Paragraph 17.

18.     DFA admits the allegations in the first sentence of Paragraph 18, admits that DMS was formed by DFA and Dairylea in 1999, admits that DMS's principal place of business is 5001 Brittonfield Parkway, Syracuse, New York, and admits that DMS is a milk marketing agency

3
Case 2:07-cv-00188-JRG   Document 248   Filed 08/10/09   Page 3 of 18   PageID #: 3254

that provides certain services relative to the marketing of raw milk for dairy farmers. DFA denies the remaining allegations in paragraph 18.

19. DFA admits the allegations in the first sentence of Paragraph 19, admits that SMA was formed in 2002, and admits that the identified cooperatives are among the members of SMA. DFA denies the remaining allegations in paragraph 19.

## RELEVANT PRODUCT MARKET: PROCESSED GRADE A MILK

20. The allegation in first sentence of Paragraph 20 is a legal statement to which no response is required. To the extent a response is required, DFA denies the allegation in that sentence, including any allegation that the first sentence of Paragraph 20 constitutes a proper definition of a relevant product market. DFA admits the allegation in the second sentence of Paragraph 20. DFA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis denies them.

## RELEVANT GEOGRAPHIC MARKET: SOUTHEAST UNITED STATES

21. The allegation in Paragraph 21 is a legal statement to which no response is required. To the extent a response is required, DFA denies the allegation in Paragraph 21, including any allegation that Paragraph 21 constitutes a proper definition of a relevant geographic market.

22. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 22, and on that basis denies them. DFA denies the allegations in the third sentence of Paragraph 22.

## FACTUAL ALLEGATIONS

### Milk Distribution and Pricing

23. DFA denies the allegation of the first sentence of Paragraph 23. DFA admits that raw milk and bottled processed milk are comprised mostly of water. DFA is without sufficient

4

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies them.

24. DFA admits the allegation in Paragraph 24 to the extent it alleges that economic forces influence the price of processed milk, and otherwise denies the allegations of Paragraph 24.

25. DFA admits the allegations in the first four sentences of Paragraph 25, except to the extent it contains allegations about prices "paid to farmers" as opposed to prices paid for milk produced by farmers. The allegation in the fifth sentence of Paragraph 25 contains Plaintiffs' characterization of their own claims, to which no response is required.

26. DFA admits the allegations in the first sentence of Paragraph 26, and denies the allegations in the second and third sentences of Paragraph 26.

27. DFA admits that Class I milk prices are generally higher than prices for other classes of milk, and denies the remaining allegations in Paragraph 27.

28. DFA denies the allegations in Paragraph 28.

29. The allegation in the first sentence of Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, DFA denies the allegation in that sentence. With respect to the second sentence of Paragraph 29, DFA admits that the long-term trend has been towards consolidation of dairy cooperatives, and denies the remaining allegations in Paragraph 29.

30. The allegations in the first and second sentences of Paragraph 30 are admitted, except to the extent these sentences imply that DFA is not in fact owned, operated and controlled by its farmer members, which is denied. DFA admits that it performs, among other services, the actions identified in the third sentence of Paragraph 30, but denies that the actions identified properly define a cooperative or that all such actions are required to constitute a cooperative.

5

DFA admits that the Capper-Volstead Act provides an exemption to the antitrust laws, but otherwise denies the fourth sentence of Paragraph 30. The allegation in the fifth sentence of Paragraph 30 contains Plaintiffs' characterization of their own claims, to which no response is required.

31. DFA admits the allegations of the first two sentences in Paragraph 31, admits that some dairy farmers seek to market their raw milk to fluid milk bottling plants by contracting with plants either directly or through agents, but otherwise denies the allegations of the third sentence of Paragraph 31.

32. DFA admits that the proceedings identified in Paragraph 32 were initiated in the years and courts so identified, and denies the remaining allegations of Paragraph 32.

33. The allegations in Paragraph 33 relate to the contents of filed legal documents, which speak for themselves. DFA denies any attempt at characterizing the documents, and otherwise denies the allegations in Paragraph 33.

34. DFA admits that it was formed in 1998 through the merger of the Associated Milk Producers, Inc.-Southern Region with the three other identified cooperatives, admits that by the year 2000, it was the largest dairy cooperative in the United States, admits that Independent Cooperative Milk Producers Association, Valley of Virginia Producers Association and California Cooperative Creamery have merged into DFA, and denies the remaining allegations in Paragraph 34.

## Milk Bottlers

35. The allegations in Paragraph 35 are admitted to the extent they are intended to be illustrative descriptions of some aspects of the dairy industry, and otherwise denied.

36. The allegations in the first and second sentences of Paragraph 36 are admitted to the extent they are intended to be illustrative descriptions of some aspects of the dairy industry, and otherwise denied. The allegations in the third sentence of Paragraph 36 are denied.

37. DFA admits that Mid-America Dairymen, Inc. had a partial ownership interest in Ideal American Dairy in Evansville, IN, and Dairy Fresh in Baker, LA, but denies the remaining allegations as they relate to DFA. DFA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and on that basis denies them.

38. DFA admits that by the year 2001, Suiza and Dean were the first and second largest milk bottlers in the United States. DFA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis denies them.

39. DFA admits the allegations in the first sentence of Paragraph 39, and denies the remaining allegations in Paragraph 39.

40. DFA admits that the identified plants were the plants that were divested as a result of the Suiza/Dean merger, but denies the remaining allegations in Paragraph 40.

41. DFA admits that Mid-Am Capital has provided financing for certain bottling plant acquisitions by NDH, admits that at all times relevant to the Complaint it has owned at least 50% common equity interest in NDH, and denies the remaining allegations of Paragraph 41.

42. DFA admits that, in connection with Suiza's agreement to acquire DFA's 33.8 percent interest in Suiza Dairy Group, Suiza signed a $40 million promissory note. The note speaks for itself, and DFA denies any attempt at characterizing the note.

43. DFA admits that it has investments in milk processing plants and denies the remaining allegations of Paragraph 43.

44. DFA denies the allegations in paragraph 44.

45. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and on that basis denies them.

## DEFENDANTS' DOMINANCE AND PREDATORY CONDUCT

### Overview

46. DFA denies the allegations in paragraph 46.

47. DFA denies the allegations in paragraph 47.

48. DFA denies the allegations in paragraph 48.

49. DFA denies the allegations in paragraph 49.

### Lessening Competition for the Sale of Processed Milk

50. DFA denies the allegations in paragraph 50 are denied.

51. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and on that basis denies them.

52. DFA admits that NDH closed its plant in Huntsville, AL. DFA denies that it controlled the NDH board and that NDH closed the Bristol, VA plant. DFA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that basis denies them.

53. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and on that basis denies them.

54. DFA denies the allegations in paragraph 54.

55. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55, and on that basis denies them.

56. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56, and on that basis denies them.

57. DFA denies the allegations in paragraph 57.

58. DFA denies the allegations in paragraph 58.

59. DFA denies the allegations in paragraph 59.

60. DFA denies the allegations in paragraph 60.

61. To the extent the allegations in Paragraph 61 relate to DFA, they are denied. To the extent the allegations in Paragraph 61 relate to other parties, DFA is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

62. DFA admits that Winn-Dixie filed for bankruptcy, that it owned bottling facilities and that those facilities were offered for sale. DFA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62, and on that basis denies them.

### Lessening Competition for Raw Milk Through Full Supply Agreements

63. DFA admits that it has entered into supply contracts with Dean and a supply contract with NDH. Those contracts speak for themselves, and DFA denies any attempt at characterizing the contracts. DFA denies the remaining allegations in Paragraph 63.

64. To the extent the allegations in Paragraph 64 relate to the written terms of DFA's contracts with Dean, those documents speak for themselves, and DFA denies any attempt at characterizing those contracts. The remaining allegations in Paragraph 64 are denied.

65. DFA denies the allegations in paragraph 65.

66. DFA denies the allegations in paragraph 66.

67. DFA denies the allegations in paragraph 67.

68. DFA denies the allegations in paragraph 68.

69. DFA denies the allegations in paragraph 69.

70. DFA denies the allegations in paragraph 70.

### Injury and Damages

71. DFA denies the allegations in paragraph 71.

72. DFA denies the allegations in paragraph 72.

73. DFA denies the allegations in paragraph 73.

### Concealment and Tolling

74. DFA denies the allegations in paragraph 74.

75. DFA denies the allegations in paragraph 75.

76. DFA denies the allegations in paragraph 76.

77. The allegations in Paragraph 77 are legal statements to which no response is required. To the extent a response is required, DFA denies the allegations in Paragraph 77.

### CLASS ACTION ALLEGATIONS

78. DFA admits that Plaintiffs purport to bring this case as a class action on behalf of the classes alleged. DFA denies that this action can be prosecuted as a class action. To the extent that paragraph 78 contains additional allegations requiring response, DFA denies all such allegations.

79. DFA denies the allegations in paragraph 79.

80. DFA denies the allegations in paragraph 80, including all subparagraphs.

81. DFA denies the allegations in paragraph 81.

82. DFA denies the allegations in paragraph 82.

83. DFA denies the allegations in paragraph 83.

84. DFA denies the allegations in paragraph 84.

## CAUSES OF ACTION

## COUNT I

### Violation of Section 1 of the Sherman Act
### Agreement Not to Compete
### Against Dean, DFA and NDH

85. DFA incorporates by reference its responses to paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86. DFA denies the allegations in paragraph 86 of the Complaint.

87. DFA denies the allegations in paragraph 87 of the Complaint.

88. DFA denies the allegations in paragraph 88 of the Complaint.

## COUNT II

### Violation of Section 1 of the Sherman Act and Section 3 of the Clayton Act
### Conspiracy to Unreasonably Restrain Trade
### Against Dean, DFA, NDH, SMA and DMS

89. DFA incorporates by reference its responses to paragraphs 1 through 88 of the Complaint as if fully set forth herein.

90. DFA denies the allegations in paragraph 90 of the Complaint.

91. DFA denies the allegations in paragraph 91 of the Complaint.

92. DFA denies the allegations in paragraph 92 of the Complaint.

93. DFA denies the allegations in paragraph 93 of the Complaint.

94. DFA denies the allegations in paragraph 94 of the Complaint.

95. DFA denies the allegations in paragraph 95 of the Complaint.

96. DFA denies the allegations in paragraph 96 of the Complaint.

97. DFA denies the allegations in paragraph 97 of the Complaint.

98. DFA denies the allegations in paragraph 98 of the Complaint.

99. DFA denies the allegations in paragraph 99 of the Complaint.

## COUNT III

### Violation of Section 2 of the Sherman Act
### Unlawful Monopolization
### Against Dean

100. DFA incorporates by reference its responses to paragraphs 1 through 99 of the Complaint as if fully set forth herein.

101. DFA denies the allegations in paragraph 101 of the Complaint.

102. DFA denies the allegations in paragraph 102 of the Complaint.

103. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint and therefore denies the same.

104. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and therefore denies the same.

105. DFA denies the allegations in paragraph 105 of the Complaint to the extent they are directed at DFA. DFA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 of the Complaint and therefore denies the same.

106. DFA denies the allegations in paragraph 106 of the Complaint.

107. DFA denies the allegations in paragraph 107 of the Complaint.

108. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint and therefore denies the same.

109. DFA denies the allegations in paragraph 109 of the Complaint to the extent they are directed at DFA. DFA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 of the Complaint and therefore denies the same.

## COUNT IV

### Violation of Section 2 of the Sherman Act
### Attempt to Monopolize
### Against Dean

110. DFA incorporates by reference its responses to paragraphs 1 through 109 of the Complaint as if fully set forth herein.

111. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint and therefore denies the same.

112. DFA denies the allegations in paragraph 112 of the Complaint.

113. DFA denies the allegations in paragraph 113 of the Complaint.

114. DFA denies the allegations in paragraph 114 of the Complaint to the extent they are directed at DFA. DFA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 of the Complaint and therefore denies the same.

115. DFA denies the allegations in paragraph 115 of the Complaint to the extent they are directed at DFA. DFA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 of the Complaint and therefore denies the same.

116. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint and therefore denies the same.

117. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and therefore denies the same.

118. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint and therefore denies the same.

119. DFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint and therefore denies the same.

## COUNT V

### Violation of Section 2 of the Sherman Act
### Conspiracy to Monopolize
### Against Dean, DFA and NDH

120. DFA incorporates by reference its responses to paragraphs 1 through 119 of the Complaint as if fully set forth herein.

121. DFA denies the allegations in paragraph 121 of the Complaint.

122. DFA denies the allegations in paragraph 122 of the Complaint.

123. DFA denies the allegations in paragraph 123 of the Complaint.

124. DFA denies the allegations in paragraph 124 of the Complaint.

## JURY TRIAL DEMAND

DFA demands a trial by jury of all issues triable by a jury.

## PRAYER FOR RELIEF

DFA denies that Plaintiffs and the class that they purport to represent are entitled to class certification, judgment in this action or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

DFA asserts the following defenses without assuming the burden of proof as to any issue or element that otherwise rests with Plaintiffs.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs have suffered no injury or damages as a result of the conduct alleged herein.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches and/or the statute of limitations.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the immunities and exemptions conferred by the Capper-Volstead Act, 7 U.S.C. §§ 291-292.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the immunities and exemptions conferred by the filed rate doctrine.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands and/or *in pari delicto*.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and estoppel.

### EIGHTH DEFENSE

Plaintiffs have not suffered antitrust injury.

### NINTH DEFENSE

Plaintiffs lack standing, including antitrust standing, to bring some or all claims.

### TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of ratification.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not suffered any injury or damages.

### TWELFTH DEFENSE

Plaintiffs' injuries and/or damages were not caused by any of the acts alleged to have been performed by DFA.

### THIRTEENTH DEFENSE

Any loss was caused by superseding and/or intervening cause(s) and/or the conduct of third parties for whom DFA is not responsible.

### FOURTEENTH DEFENSE

Plaintiffs have failed to mitigate any alleged losses.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged damages, if any, are too remote and/or speculative to allow recovery and because determining whether, or to what extent, Plaintiffs were damaged is impossible.

### SIXTEENTH DEFENSE

DFA adopts by reference all other applicable defenses asserted by all other parties.

### SEVENTEENTH DEFENSE

DFA reserves the right to assert any and all other defenses, including affirmative defenses, that become available during the course of discovery or trial.

Respectfully submitted,

Dated: August 10, 2009   /s/ Steven R. Kuney
Steven R. Kuney
John E. Schmidtlein
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202)434-5000
skuney@wc.com
jschmidtlein@wc.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20037
Tel: (202) 663-7820
tmiller@bakerandmiller.com

G.P. Gaby
MILLIGAN & COLEMAN
109 South Main Street, Suite 301
P. O. Box 1060
Greeneville, TN 37744-1060
Tel: (423) 639-6811
sweems@milligancoleman.com

*Counsel for Defendants*
*Dairy Farmers of America,*
*Mid-Am Capital LLC, and*
*Dairy Marketing Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2009, a copy of the foregoing DAIRY FARMERS OF AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular mail. Parties may access this filing through the Court's electronic filing system.

/s/ Carl R. Metz
Carl R. Metz